UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-MC-80318-EA

U.S. SECURITIES AND
EXCHANGE COMMISSION,

Plaintiff,

v.

GREGORY KEOUGH and
DEREK ACREE,

Defendants.
_______________________________________/

**REPORT AND RECOMMENDATION ON CONSENT TO ENTRY OF PROPOSED JUDGMENT AGAINST DEFENDANT DEREK ACREE**

THIS CAUSE comes before the Court upon the Application of the U.S. Securities and Exchange Commission ("SEC") for an Order Under Section 20(c) of the Securities Act of 1933 and Section 21(e)(1) of the Securities Exchange Act of 1934 Enforcing Compliance With a Commission Order, against Defendants, Gregory Keough and Derek Acree. ECF No. 1. U.S. District Judge Ed Artau referred this case for a ruling on all non-dispositive matters and for a report and recommendation on all dispositive matters. ECF No. 4.

On September 1, 2026, the parties filed the Consent of Derek Acree to Entry of Judgment Enforcing Order of the Securities and Exchange Commission ("Consent"), in which Mr. Acree indicates his consent to having judgment entered against him in this action by way of the SEC's proposed final judgment. ECF No. 16.

Upon review of the Consent and proposed final judgment against Mr. Acree, it is **RECOMMENDED** that the Consent be accepted and final judgment be entered against Mr. Acree as specified in the proposed final judgment, ECF No. 16-1, with the exception that because all parties have not yet been served and the Consent does not dispose of claims against Mr. Keough, final judgment should be entered pursuant to Federal Rule of Civil Procedure 54(b). Under Rule 54(b), "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Here, there is no just reason to delay enforcement of the SEC Order against Mr. Acree.

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Ed Artau, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE AND SUBMITTED** in Chambers this 2nd day of September, 2026, at West Palm Beach in the Southern District of Florida.

BRUCE REINHART
United States Magistrate Judge